UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TARITON A. CALLIER,** | ) | Case No. 1:94 CR 5 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by Petitioner Tariton A. Callier (the "Motion") (**ECF No. 558**). The Motion is **DENIED** for the following reasons.

**I.**

In 1994, following a trial, Callier was convicted of numerous drug trafficking violations. *See ECF No. 218*. He was sentenced to a term of 292 months imprisonment. *ECF No. 289*. His conviction and sentence were affirmed on appeal. *ECF No. 371*. In November 1997, the sentencing judge granted Callier's request for a two-point reduction for acceptance of responsibility – leaving all other terms of his judgment and commitment in effect. *ECF No. 447*. In December 1997, the sentencing judge denied Callier's motion pursuant to 28 U.S.C. § 2255, *ECF No. 448*, and shortly thereafter his request for a certificate of appealability, *ECF No. 453 and marginal entry of 1/6/98*.

In July 1998, the Sixth Circuit Court of Appeals denied Callier's application for a certificate of appealability. *ECF No. 456*. In December 1999, the district court denied Callier's motion for relief from judgment and his request for a certificate of appealability. *ECF Nos. 478, 487*. The Sixth Circuit subsequently denied Callier's application for a certificate of appealability. *ECF No. 492*. In March 2002, the Sixth Circuit denied Callier's request for permission to file a successive § 2255 motion. *ECF No. 507*.

Callier, who filed the § 3582(c)(2) motion on August 10, 2005, presently contends that:

> [t]he district court has the discretion to reduce a sentence whenever a guideline range has been subsequently lowered by the Sentencing Commission. Since U.S. v. Booker, 125 S.Ct. 738 (2005) has struck down the "mandatory application" of the guidelines, all guideline ranges have been "subsequently lowered" by virtue of that decision.

*Id*., at 1. Section 3582(c)(2) provides, in pertinent part, that the district court may not modify a term of imprisonment once it has been imposed except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*.

Petitioner's argument, that he is entitled to a sentence reduction under § 3582(c)(2) because *Booker* effectively lowered the Sentencing Guidelines by eliminating their mandatory nature, has been rejected by numerous courts. *See, e.g. United States v. Privette,* No. 04-10758, 129 Fed. Appx. 897, 899 (5th Cir. Apr. 29, 2005) (holding with respect to *Booker* that

"§ 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."). *Accord United States v. Sanchez*, No. 05-2636, 2005 WL 1798284, at *1 (3d Cir. Aug. 1, 2005); *United States v. Moreno*, No. 04-15950, 2005 WL 2046220, at *3 (11th Cir. Aug. 26, 2005); *United States v. Durr*, No. CR-2-89-113, 2005 WL 1318836, at *1 (S.D. Ohio Jun. 1, 2005). In *Durr*, the district court explained,

> If the Court were to accept defendant's argument that anyone can file a section 3582(c)(2) motion for resentencing based on the general effect *Booker* had on the guidelines, then practically anyone could move for a sentence reduction. In the end, *Booker* would essentially become retroactive, albeit through the guise of a section 3582(c)(2) motion. This is not what the Supreme Court intended.

2005 WL 1318836, at *1.

To the extent that Callier's motion may be interpreted as a § 2255 motion to vacate it also fails. Because Callier previously filed a § 2255 motion, he must seek permission from the Sixth Circuit Court of Appeals before coming to the district court. He has not done so. In any event, such an exercise would be futile because the Sixth Circuit has held that *Booker* is not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005).

## II.

Accordingly, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 558**) is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    9/6/2005*
**Dan Aaron Polster**
**United States District Judge**